UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §  CRIMINAL NO. 4:15-CR-307 |
| | § |
| DERRICK BELTON, | § |
| | § |
| Defendant. | § |

### PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and William S.W. Chang, Trial Attorney, United States Department of Justice, Criminal Division, Fraud Section, and the defendant, Derrick Belton ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

#### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with conspiracy to commit health care fraud, in violation of Title 18, United States Code, section 1349. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proved to a jury or proven beyond a reasonable doubt.

#### Punishment Range

2. The *statutory* maximum penalty for violation of Title 18, United States Code, section 1349, is a term of imprisonment of not more than ten years and a fine of not more than $250,000 or twice the pecuniary gain or loss from the crime. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United

States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

2

**Exclusion from Federal Health Care Programs**

5. Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from participating as a provider in Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

**Cooperation**

6. The parties understand this Plea Agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 23 through 27 of this Plea Agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7. Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant,

including, but not limited to, health care fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and the United States Department of Justice, Criminal Division, Fraud Section and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Plea Agreement and that he cannot, for that reason alone, withdraw his plea.

8. Defendant is aware that his sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or

4

representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Plea Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

    (a) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

    (b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

    (c) If Defendant qualifies for an adjustment under Section 3E1.1(a) of the Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States may move for an additional one-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense;

    (d) Defendant and the United States agree that the loss related to the conduct described in the Factual Basis of this Plea Agreement (paragraph 15) is approximately $5.3 million;

    (e) Defendant and the United States agree to recommend to the Court that the relevant amount of intended loss resulting from the offense Defendant committed as described in the Indictment is under Section 2B1.1(b)(1)(J) of the Sentencing Guidelines;

    (f) Defendant and the United States agree to recommend to the Court that a two-level enhancement under Section 2B1.1(b)(7) is applicable to Defendant in this case as the loss under Section 2B1.1(b)(7) is greater than $1 million; and

    (g) Defendant and the United States agree to recommend to the Court that a two-level enhancement under Section 3B1.3 is applicable because the Defendant abused a position of trust.

**Agreement Binding – Only Southern District of Texas and
U.S. Department of Justice, Criminal Division, Fraud Section**

11. The United States agrees that it will not further criminally prosecute Defendant in

the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant. It does not bind any other United States Attorney of any other component of the Department of Justice. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right to:

    (a) Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b) Set forth or dispute sentencing factors or facts material to sentencing;

    (c) Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d) File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

    (e) Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the

sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove

8

each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From in or around September 2010 through in or around December 2010, Defendant conspired with others to commit healthcare fraud, in violation of Title 18, United States Code, section 1349. Medicare is a "health care benefit program" of the United States, as defined by Title 18, United States Code, section 24. Furthermore, Medicare is a healthcare benefit program affecting interstate commerce.

Defendant worked with Julian Kimble, and together, they agreed with William Bullock III, Earnest Gibson III, Earnest Gibson IV, Dr. Walid Hamoudi, Robert Ferguson, and others to recruit Medicare beneficiaries for Riverside—*i.e.*, to send Medicare beneficiaries to Partial Hospitalization Programs (PHPs) associated with Riverside General Hospital (Riverside) in exchange for payment. Those PHPs included Devotions Care Solutions Partial Hospitalization Program (Devotions PHP) and Dynamic PHP (Dynamic PHP). Both were satellite PHPs of Riverside that purported to provided PHP services on behalf of Riverside

Riverside billed Medicare for PHP services purportedly provided at Devotions PHP and Dynamic PHP. Gibson III was the President and Administrator of Riverside. Gibson IV was the operator of Devotions PHP. Hamoudi was a co-owner and operator of Dynamic PHP. Bullock III was a co-owner and operator of Dynamic PHP and a patient recruiter for Riverside. Ferguson oversaw marketing for Dynamic PHP and was a patient recruiter for Riverside. Kimble was a patient recruiter for Riverside, Devotions PHP, and Dynamic PHP.

To recruit Medicare beneficiaries, Defendant and his co-conspirators paid them to attend Dynamic PHP and Devotions PHP. In exchange for sending Medicare beneficiaries to Devotions

PHP and Dynamic PHP, Defendant received payments from Kimble as well as from Devotions PHP and Dynamic PHP. Those payments depended on the number of beneficiaries that Defendant and his co-conspirators recruited for Devotions PHP and Dynamic PHP.

Riverside billed and received payment from Medicare for PHP services that were purportedly provided to the beneficiaries that Defendant and his co-conspirators recruited. Defendant knew that many of the beneficiaries did not need or did not receive the billed-for services.

From in or around September 2010 through in or around December 2010, Riverside billed Medicare approximately $5.3 million for PHP services purportedly provided to Medicare beneficiaries who attended Dynamic PHP and Devotions PHP. Medicare paid approximately $1.3 million on those claims.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of

Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim regardless of the counts of

conviction. Defendant stipulates and agrees that as a result of his criminal conduct as alleged in the Indictment, the victim incurred a monetary loss of at least approximately $1,323,491.93. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

### Forfeiture

22. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

23. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least approximately $1,323,491.93 against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

24. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted

12

to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

## Complete Agreement

27. This written Plea Agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____September 22_____, 2015.

_____
Defendant

Subscribed and sworn to before me on _____September 22_____, 2015.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____
William S.W. Chang
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
Phone: 202-320-0048
Email: William.Chang@usdoj.gov

_____
Douglas Allen A'Hern
Attorney for Defendant

14

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:15-CR-307 |
| DERRICK BELTON,<br>Defendant. | § § § | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          22 SEPT 15
Douglas Allen A'Hern                      Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____09/22/15_____
DERRICK BELTON                                         Date
Defendant